UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TAMESHIA SCOTT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:18-CV-0634-G |
| NAVARRO COLLEGE DISTRICT d/b/a | ) | |
| NAVARRO COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Navarro College District d/b/a/ Navarro College ("Navarro College") to dismiss one of the claims the plaintiff Tameshia Scott ("Scott") brought against it (docket entry 8). For the reasons set forth below, the defendant's motion is denied.

I. BACKGROUND

Scott, the plaintiff in this case, previously managed a bistro located on Navarro College's Waxahachie campus. Complaint ("Scott's Complaint") ¶ 7 (docket entry 1). Scott alleges that while working in this capacity, she endured "unwanted sexual advances and harassment" from Navarro College's Director of Dining Services, Joseph

Barnes ("Barnes"). *Id*. ¶¶ 1,8. Specifically, Scott maintains that Barnes touched her inappropriately and made sexual comments to her. *Id*. ¶ 8. In her complaint, Scott alleges that after she protested against Barnes's conduct and reported it to the Assistant Director of Dining Services, Marla Jackson ("Jackson"), Barnes's behavior worsened, as he repeatedly kissed Scott's neck and made lewd comments about her body. *Id*. ¶¶ 9,10. According to Scott, in retaliation for her rejection of his advances, Barnes ordered her to close the bistro single-handedly. *Id*. ¶¶ 11-13. Scott avers that because of the demanding workload, she was admitted to the hospital for high blood pressure. *Id*. ¶ 13. On March 3, 2017, the day after her release from the hospital, Barnes terminated Scott for insubordination. *Id.*; *see also* Tameshia Scott's EEOC Charge of Discrimination, *attached to* Navarro College's Partial Motion to Dismiss ("Scott's EEOC Charge") (docket entry 8, appendix 1-2).

On April 27, 2017, Scott filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and an addendum to that charge on July 5, 2017. Scott's EEOC Charge; Tameshia Scott's Addendum to Charge of Discrimination, *attached to* Navarro College's Partial Motion to Dismiss ("Scott's Addendum") (docket entry 8, appendix entry 3-4). The Dallas District EEOC received Scott's charge and addendum on August 14, 2017. Scott's EEOC Charge. While Scott only checked boxes for "race" and "sex" discrimination on her charge, subsequently, on March 19, 2018, Scott filed a claim under Title VII of the Civil

Rights Act of 1964 ("Title VII") in this court for unlawful employment practices based on sex *and* for retaliation. *See* Scott's Complaint ¶ 1; 42 U.S.C. § 2000e *et seq*.

On May 7, 2018, Navarro College filed both an answer and a separate motion to dismiss Scott's retaliation claim. Defendant Navarro College's Answer to Plaintiff Tameshia Scott's Complaint (docket entry 9); Defendant Navarro College's Partial Motion to Dismiss Plaintiff Tameshia Scott's Complaint with Brief in Support ("Navarro College's Motion") (docket entry 8). According to Navarro College, Scott failed to exhaust her administrative remedies with regard to her retaliation claim and, thus, the court must dismiss the claim. Navarro College's Motion at 4.

On May 29, 2018, Scott filed a response wherein she insists that her addendum had sufficiently alleged retaliation such that the charge can "reasonably [be] expected to grow out of an investigation by the EEOC. . . ." Plaintiff Tameshia Scott's Response to Defendant's Partial Motion to Dismiss Complaint ("Scott's Response") at 4 (docket entry 11). A few weeks later, after receiving her entire EEOC case file following a successful Freedom of Information Act request, Scott filed a supplemental response. Plaintiff Tameshia Scott's Supplemental Response to Defendant's Partial Motion to Dismiss Complaint (docket entry 12). Navarro College filed its timely reply on June 12, 2018, maintaining that Scott had not exhausted her administrative remedies, specifically because her addendum failed to alert the EEOC of facts "to trigger an investigation of alleged retaliation." Defendant

Navarro College's Reply in Support of its Partial Motion to Dismiss Plaintiff Tameshia Scott's Complaint ("Navarro College's Reply") at 1 (docket entry 13). Navarro College's motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Exhaustion of Administrative Remedies Under Title VII*

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment. *Fitzgerald v. Secretary, United States Department of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). While Title VII affords a private right of action to individuals aggrieved by unlawful discrimination in the workplace, to preserve their statutory right, employees must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e); see also *Oatis v. Crown Zellerbach Corporation*, 398 F.2d 496, 497-98 (5th Cir. 1968). "Timely filing is a prerequisite to the maintenance of a Title VII action and the failure to file within the statutory period will ordinarily operate as a bar to suit." *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir. 1986) (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4 (1977)).

While the Fifth Circuit previously concluded that failure to exhaust administrative remedies was a jurisdictional bar that prevented the court from

considering any Title VII claim, see *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997), *cert. denied*, 523 U.S. 1136 (1998), the Fifth Circuit recently stated that "the exhaustion requirement under Title VII is not jurisdictional." *Davis v. Fort Bend County*, 893 F.3d 300, 304-05 (5th Cir. 2018). Rather the exhaustion requirement serves as a prudential prerequisite and an affirmative defense that will bar suit if the plaintiff has not completed it. *Id*. at 307. In the Fifth Circuit, failing to exhaust administrative remedies under Title VII results in the court's dismissal pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted. See *Ganheart v. Brown*, No. 17-30813, 2018 WL 3213748, at *2 (5th Cir. June 29, 2018).

2. *Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied,* 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting F<small>ED</small>. R. C<small>IV</small>. P.

8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" her claims "across the line from conceivable to plausible."  See *id*. at 679, 683.

B.  Application

Navarro College insists that the court should dismiss Scott's retaliation claim because, according to the college, Scott did not exhaust her administrative remedies with the EEOC before filing the instant action.  Navarro College's Brief at 1.  A Title VII claim does not require a plaintiff to check a certain box to exhaust her administrative remedies.  *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir.), *cert. denied*, 549 U.S. 888 (2006).  Nor does the Fifth Circuit require the plaintiff to allege a *prima facie* case before the EEOC.  *Id*.  Instead, the Fifth Circuit has determined that "the complaint in the civil action may properly encompass any discrimination like or reasonably related to the allegations of the charge and growing out of such allegations."  *Danner v. Phillips Petroleum Company*, 447 F.2d 159, 162 (5th Cir. 1971).  In interpreting the plaintiff's administrative charge, the court construes the scope of the EEOC charge liberally, and "look[s] slightly beyond [the charge's] four corners."  *Pacheco*, 448 F.3d at 788-89.  At the same time, however, one of the central purposes of the employment discrimination charge is to put employers on notice of

"the existence and nature of the charges against them." *Equal Employment Opportunity Commission v. Shell Oil Company*, 466 U.S. 54, 77 (1984).

To settle the balancing act, the Fifth Circuit has developed a two-step test to determine if a plaintiff has exhausted her administrative remedies. *Pacheco*, 448 F.3d at 789. First, the court considers whether her complaint reasonably relates to the allegations in her EEOC charge. *Id*. Second, the court then inquires whether the charge can be reasonably expected to grow out of an EEOC investigation. *Id*. To plead a *prima facie* case for retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment. 42 U.S.C. § 2000e-3(a). Therefore, a court must find that Scott's complaint "reasonably related" to the allegations in her EEOC charge and a retaliation charge could "reasonably be expected to grow out of an EEOC investigation" from these allegations. If the court is unable to find that Scott satisfied these two requirements, then the court must dismiss the retaliation claim.

1. *Scott's Addendum*

The EEOC's regulations allow a plaintiff to amend a charge of discrimination to "cure technical defects or omissions" or to "clarify and amplify" the initial allegations. 29 C.F.R. § 1601.12(b); see also *Manning v. Chevron Chemical Company LLC*, 332 F.3d 874, 878 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004).

A plaintiff has a private right of action under Title VII, but first must file a charge of discrimination with the EEOC within one hundred and eighty days of the occurrence of the alleged discrimination. 42 U.S.C. § 2000e-5(e). Because Scott filed her charge and addendum within one hundred and eighty days of her termination on March 3, 2017, the court will consider all facts from both documents in determining whether Scott exhausted her administrative remedies.

2. *Protected Activity*

A plaintiff must first demonstrate in a retaliation case that she engaged in a protected activity under Title VII. 42 U.S.C. § 2000e-3(a). An employee has engaged in activity protected by Title VII if she either "(1) opposed any practice made an unlawful employment practice by [Title VII] or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id*.; *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). According to Navarro College, Scott did not participate in either one of the two categories of protected activity. Navarro College's Brief at 6. To succeed in alleging a Title VII retaliation claim, Scott's complaint must reasonably relate to the allegations in her charge (and addendum), which must support one of these protected activities. See *Pacheco*, 448 F.3d at 789.

Scott's complaint alleges that she "complained and reported . . . Barnes' unwanted sexual behavior to the Assistant Director of Dining Services." Scott's

Complaint ¶ 9.  The alleged touching, kissing, and sexual comments committed by Barnes constitutes workforce harassment, prohibited by Title VII.  *Id*. ¶¶ 9-11.  These assertions reasonably relate to her addendum, wherein she alleged that "Barnes would make inappropriate sexual comments about [her] body, and touch [her] inappropriately."  Scott's Addendum at 1.  Scott also alleged in her addendum that Jackson discussed with Barnes his inappropriate behavior following these incidents.  *Id*.  Because Scott's charge and addendum, when read together, contain allegations that Barnes not only engaged in unwanted sexual behavior toward Scott but was in fact confronted by Jackson, his supervisor, about that behavior, the court concludes that the allegations contained in Scott's complaint as to her opposition reasonably relate to those alleged in the EEOC charge.

The parties dispute whether Scott's EEOC charge provides adequate allegations to support this protected activity such that an EEOC investigation could be reasonably expected to grow out of it.  Navarro College insists that Scott's allegations that she rejected Barnes's sexual advances cannot establish opposition.  Specifically, Navarro College notes that Scott's addendum, unlike her complaint, provides that "[t]he Assistant Director, Ms. Marla Jackson, noticed Mr. Barnes' unwanted advances and told [Scott] that she was going to speak with Mr. Barnes about his inappropriate behavior."  Scott's Addendum; Navarro College's Brief at 6.  Absent from the addendum is the assertion that Scott reported Barnes's behavior.

*See* Scott's Addendum.  After reviewing the pleadings, it appears that two of Scott's alleged actions could be categorized as opposition: Jackson's complaint to Barnes on behalf of Scott, and Scott's direct opposition to Barnes.

In *Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 555 U.S. 271 (2009), the Supreme Court relaxed the opposition requirement, noting that opposition includes instances when a person "respond[s] to someone else's questions just as surely as by provoking the discussion." *Crawford,* 555 U.S. at 277.  In *Crawford*, a human resources officer independently began an investigation into the sexual harassment of the supervisor.  *Id*. at 274.  Soon thereafter, the supervisor fired the employee after she responded to the human resources officer's questions concerning the supervisor's behavior.  *Id.*  The Supreme Court determined that, although the employee took no action at all, the employee had participated in opposition for a Title VII retaliation claim.  *Id*. at 277.

Similar to the facts in *Crawford*, Scott avers that Jackson confronted Barnes about his inappropriate behavior.  Scott's Addendum.  Importantly, according to the addendum, Jackson approached Scott first to make Scott aware of the complaint.  *Id*.  In doing so, Jackson obviated any need on the part of Scott to formally report or otherwise further oppose Barnes's behavior.  Accordingly, the court finds that the allegations in Scott's addendum are sufficient, at this stage, to constitute opposition.

For the opposition requirement, the court concludes that Scott has survived the Fifth Circuit's test.

### 3. *Adverse Employment Action*

To establish the elements of a retaliation claim, a plaintiff must show that the retaliation resulted in an adverse employment action. 42 U.S.C. § 2000e-3(a). Demonstrating an adverse employment action requires a plaintiff to show that a "reasonable employee would have found the challenged action materially adverse." *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53, 68 (2006) (noting the reasonableness requirement contains a distinction between *significant* and *trivial* adversity). The level of adversity depends on a "constellation of surrounding circumstances, expectations, and relationships." *Id*.

Scott's complaint claims that the sexual harassment worsened over time, as Barnes's conduct eventually included kissing Scott's neck, making lewd comments to her, and otherwise creating an increasingly hostile workplace for Scott. Scott's Complaint ¶ 10. In addition, Scott claims she was left to "close . . . the bistro [by herself]," resulting in her hospitalization and subsequent termination. *Id.* ¶¶ 11-13. Because the Rule 12(b)(6) standard requires the court to interpret all facts in favor of the nonmovant, these facts are presumed true. FED. R. CIV. P. 12(b)(6). The court is satisfied that a reasonable employee would deem termination an adverse employment action. Thus, picking apart the specific episodes of sexual harassment based on their

severity, as Navarro College seems to ask this court to do, is unnecessary at this stage. Navarro College's Reply at 5. In Scott's addendum she alleges that she "had been terminated" because of her hospitalization following her cleanup of the bistro. Scott's Addendum at 2. Because her complaint alleges the same cause of her termination, the conditions asserted in Scott's complaint reasonably relate to the allegations in her EEOC charge (and addendum) regarding the adverse employment action requirement. Additionally, because Scott's addendum asserts that Barnes created a hostile work environment, that she cleaned the bistro by herself, and that she was terminated following her hospitalization, the court concludes that, on the issue of adverse employment action, a retaliation charge could be reasonably expected to grow out of an EEOC investigation of those allegations.

4. *Causal Link*

To satisfy the final element of a retaliation claim, a plaintiff must show that a causal link between the protected activity and the adverse employment exists. 42 U.S.C. § 2000e-3(a). To establish causation, the employee should demonstrate that the employer knew about the employee's protected activity. *Id.*; *Manning*, 332 F.3d at 883. If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct. *Manning,* 332 F.3d at 883. Further, the Fifth Circuit determined in *Tureaud* that a "causal link" between the opposition and

the adverse employment action existed when an informal complaint was made to a supervisor. *Tureaud v. Grambling State University*, 294 Fed. App'x 909, 914 (5th Cir. 2008).

In her complaint, Scott asserts that she "reported . . . Barnes' unwanted sexual behavior to the Assistant Director of Dining Services" who then "advised [Barnes] to cease the same." Scott's Complaint ¶ 9. As discussed previously, Scott's addendum contains similar allegations; consequently, her complaint reasonably relates to the allegations in her EEOC charge. Scott's Addendum. In addition, Scott maintains in her addendum that she made her denial of Barnes's advances very apparent and was informed by Jackson that Jackson spoke to Barnes about his troubling behavior. *Id.* When Scott's allegations are taken as true, she has pleaded enough facts to establish that Navarro College was (or should have been) aware of her protected conduct. And therefore, with regard to the causation element the court concludes that a retaliation charge could be reasonably expected to grow out of an EEOC investigation into these allegations.

### III. CONCLUSION

For the reasons stated above, the court concludes that Scott exhausted her administrative remedies concerning her retaliation claim. Accordingly, Navarro College's partial motion to dismiss is **DENIED**.

**SO ORDERED**.

August 10, 2018.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**